| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| THE ESTATE OF I.C.D., *deceased*, and NATHAN and TRACY DELAMETER, *individually and on behalf of the heirs of I.C.D.*, | § § § § § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | CIVIL ACTION NO. 1:18-CV-137 |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant; and | § § | |
| THE ESTATE OF M.L., *deceased*, and SHAKENDRA COOK, *individually and on behalf of the heirs of M.L.*, | § § § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | |
| SPRING INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant; and | § § | |
| THE ESTATE OF T.J., *deceased*, and SHEVONNE KENNEDY, *individually and on behalf of the heirs of T.J.*, | § § § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | |
| ALDINE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant; and | § § § | |

| | |
|---|---|
| C.C. *b/n/f* ART and PATRICIA CHUPK, | § |
| | § |
| Plaintiffs, | § |
| | § |
| *versus* | § |
| | § |
| PFLUGERVILLE INDEPENDENT | § |
| SCHOOL DISTRICT, | § |
| | § |
| Defendant. | § |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Beaumont Independent School District's ("BISD") Motion to Sever or Dismiss New Plaintiffs and Defendants (#37) pursuant to Federal Rules of Civil Procedure 20, 21, and 42(b).  Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be granted.

I.     Background

This lawsuit originally involved only claims asserted by Plaintiffs the Estate of I.C.D., deceased, and Nathan and Tracy Delameter, individually and on behalf of the heirs of I.C.D. (collectively, "the Delameters") against BISD.  On January 24, 2020, while BISD's Motion to Dismiss the Delameters' Second Amended Complaint (#26) was pending, the Delameters filed their Third Amended Complaint (#36) adding claims brought by:  (1) Plaintiffs the Estate of M.L., deceased, and Shakendra Cook, individually and on behalf of the heirs of M.L. (collectively, "the Estate of M.L."), against Defendant Spring Independent School District ("Spring ISD"); (2) Plaintiffs The Estate of T.J., deceased, and Shevonne Kennedy, individually and on behalf of the heirs of T.J., (collectively, "the Estate of T.J.") against Defendant Aldine Independent School District ("Aldine ISD"); and (3) Plaintiffs C.C. b/n/f Art and Patricia Chupk (collectively, "C.C.") against Defendant Pflugerville Independent School District ("Pflugerville ISD").

In support of the joinder of the additional claims by the Estate of M.L., the Estate of T.J., and C.C., the Third Amended Complaint (#36 at 2-3) states:

1. It would seem to be common sense that when a child, especially one with significant medical issues, is in need of emergency medical services, School District personnel would automatically call for Emergency Medical Services ("EMS"). The four Defendant School District's [*sic*] named in this case, Beaumont, Spring, Aldine and Pflugerville all have an unwritten policy, practice and custom which completely restricts and inhibits staff from calling for emergency medical services, even when the child is experiencing a medical emergency, or in three of the cases noted above, a life-threatening medical crisis.

2. The named Plaintiffs noted above believe that this unwritten policy, practice and custom is not just unique to their own child's injuries and resultant death, nor an accident nor coincidence, but is rather purposeful and rises to the level of a conspiracy. It is for this reason that these four cases, with three ending in death, must be merged into one case before one Judge, as otherwise it would be difficult, if not impossible to show the custom and practice of School District's when faced with a medical emergency connection by a student.

The Third Amended Complaint also includes a civil conspiracy claim asserted by the Delameters, the Estate of M.L., the Estate of T.J., and C.C. (collectively, "Plaintiffs") against BISD, Spring ISD, Aldine ISD, and Pflugerville ISD (collectively, "Defendants"). Plaintiffs allege that "[t]he acts and omissions of each School District Defendant, in refusing to call [EMS] on behalf of a child who was obviously in need of such services, raises a very, very strong inference that such acts and omissions were pre-determined by School District Officials." (#36, at 22). In response, BISD filed the instant motion on February 3, 2020, and its First Supplemental Reply (#38) on

February 4, 2020, both of which addressed new issues raised by the Third Amended Complaint. Plaintiffs did not file a timely response.[1]

II.     Analysis

"Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21.

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

*United States v. O'Neill*, 709 F.2d 361, 368 (5th Cir. 1983); *accord Wasiq v. Concentra, Inc.*, No. CV 4:19-0912, 2019 WL 3321894, at *2 (S.D. Tex. May 14, 2019); *Carter v. Diamond URS Huntsville, LLC*, 175 F. Supp. 3d 711, 727 (S.D. Tex. 2016). The district court has broad discretion in considering whether to sever a claim or party. *In re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014), *cert. denied*, 136 S. Ct. 45 (2015); *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995); *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).

Courts look to Rule 20 to determine whether parties are misjoined. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); *Wasiq*, 2019 WL 3321894, at *2; *Carter*, 175 F. Supp. 3d at 727. Rule 20 provides that joinder of a person as a plaintiff or

---

[1] On February 13, 2020, Plaintiffs filed a motion requesting an extension of time (#40) to file a response to BISD's Motion to Dismiss the Second Amended Complaint; however, briefing related to the Second Amended Complaint was completed in September 2019, and their motion made no reference to the Third Amended Complaint or either of BISD's filings. Thus, the court denied the motion as moot.

defendant is proper where the relevant claims arise out of "the same transaction, occurrence, or series of transactions or occurrences and . . . [there exists] any question of law or fact common to all [plaintiffs or defendants which] will arise in the action." FED. R. CIV. P. 20(a). "Generally, permissive joinder of plaintiffs under Federal Rule of Civil Procedure 20 is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20. Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite*, 67 F.3d at 574. When considering the permissive joinder of parties under Rule 20, a trial court should usually allow "the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *accord Acevedo*, 600 F.3d at 521; *Carter*, 175 F. Supp. 3d at 727.

A court's determination as to whether it should sever a plaintiff's claims pursuant to Rule 21 entails considerations similar to those under Rule 42 (seeking a separate trial):

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common question of law or fact; (3) whether the settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, No. 3:11-CV-2205, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012); *accord In re Rolls Royce Corp.*, 775 F.3d at 680 n.40; *Allianz Glob. Risks US Ins. Co. v. King Aerospace Commercial Corp., Inc.*, No. 3:19-CV-01443-E, 2020 WL 635706, at *2 (N.D. Tex. Feb. 11, 2020); *Carter*, 175 F. Supp. 3d at 727.

BISD contends that Defendants Spring ISD, Aldine ISD, and Pflugerville ISD, along with Plaintiffs the Estate of M.L., the Estate of T.J., and C.C., respectively, have been misjoined to

this lawsuit. Under the Local Rules, Plaintiffs' failure to file a response "creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." LOCAL CIVIL RULE CV-7(d). For the reasons set forth in the court's Memorandum and Order granting BISD's Motion to Dismiss the Delameters' Second Amended Complaint, all claims asserted by the Delameters against BISD have been dismissed with prejudice. Thus, the remaining claims in this action are the claims between the purportedly misjoined parties. With respect to the considerations for severance under Rule 20 and Rule 42, there are no remaining claims arising out of the "the same transaction, occurrence, or series of transactions or occurrences" or that involve questions of law or fact common to the Delameters and BISD. As to the remaining factors for severing claims, the court further finds that joinder of the remaining claims would not facilitate settlement or judicial economy, that severance would avoid potential prejudice, and that the same witnesses and documentary proof would not be required. Accordingly, the court finds that severance of the remaining claims is appropriate.

III.   Conclusion

Consistent with the foregoing, BISD's Motion to Sever or Dismiss New Plaintiffs and Defendants (#37) is GRANTED. It is ordered that the remaining claims asserted by Plaintiffs the Estate of M.L., the Estate of T.J., and C.C. against Defendants Spring ISD, Aldine ISD, and Pflugerville ISD are severed into a separate action with its own cause number. In the severed action, the remaining Plaintiffs are ordered to file an amended pleading that omits claims asserted by the Delameters against BISD and to show cause, within fourteen (14) days of the entry of this order, as to why the remaining claims are not misjoined, why their civil conspiracy claim should

not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), and why the severed action should not be dismissed for improper venue.

SIGNED at Beaumont, Texas, this 3rd day of March, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE